# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No.: 1:20-cv-20944

DANIEL DA SILVA BUENO ELIAS,

    Plaintiff,

vs.

BUENO CONCEPT, LLC, XTRATEGY NUTRITION USA, LLC, and MARIA TEREZA MENDONCA PINTYA,

    Defendants.

_____/

## COMPLAINT

Plaintiff Daniel Da Silva Bueno Elias ("Plaintiff") hereby sues Defendants Bueno Concept, LLC ("Bueno Concept"), Xtrategy Nutrition USA, LLC ("Xtrategy"), and Maria Tereza Mendonca Pintya ("Pintya"), and alleges as follows:

## NATURE OF THE CASE

1. This is a case about the Defendants' failure to pay Bueno minimum wages, regular wages, and overtime wages.

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's

1

original jurisdiction that they form part of the same case or controversy.

4. Pursuant to 28 U.S.C. § 1391(b), venue lies in Miami-Dade County because a substantial part of the events giving rise to these claims occurred within this District.

## THE PARTIES

5. At all times material hereto, Plaintiff resided in Florida.

6. At all times material hereto, Pintya resided in Florida.

7. Bueno Concept and Xtrategy are Florida Limited Liability Companies that do business in Florida, have offices in Florida, and maintain agents in Florida.

8. Bueno Concept and Xtrategy have interrelated operations, share common management, have centralized control of labor relations, or have common ownership or financial control, or some combination thereof. Bueno Concept and Xtrategy share employees, interchange employees or exercise common control over employees, or some combination thereof, and work in the direct interest of one another. The related activities, performed through a unified operation and/or common control, are being done for a common business purpose. Thus, Bueno Concept and Xtrategy are an integrated enterprise and joint employers as a matter of law.

9. All conditions precedent have been performed or were waived or excused.

## GENERAL ALLEGATIONS

10. Bueno Concept sells meal plans and nutrition advice over the internet to customers in and outside of Florida.

11. Xtrategy Nutrition is a health and wellness supplement company that sells and ships their products in and out of Florida.

12. Plaintiff's brother, Roberto Da Silva Bueno Elias, owned and operated Bueno Concept and Xtrategy Nutrition with Pintya, his wife, until his tragic death in 2019.

13. Plaintiff came to the United States from Brazil to help his brother with his businesses.

14. Plaintiff was under the total control and direction of his now-deceased brother and Pintya at all times material hereto.

15. Bueno Concept and Xtrategy employed Bueno in an amorphous, "do-all" type of role.

16. Some days, Plaintiff would go on mail runs, creates packages to be mailed, send and answer e-mails and do other general administrative work.

17. Other days, Plaintiff would pick up products, set up booths at various events to showcase products, and sell products.

18. Plaintiff had other responsibilities and duties.

19. Plaintiff had no set schedule.

20. He would sometimes work from home, work from the office, or work from various other locations.

21. Plaintiff generally performed clerical or secretarial work, recorded or tabulated data, and performed other mechanical, repetitive, recurrent or routine work.

22. At all times material hereto, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

23. At all times material hereto, Defendants told Plaintiff what to do and how to do it with respect to the tasks he performed.

24. From February of 2017 through the end of 2018, Plaintiff worked between 50-80

hours per week.

25. From January of 2019 through January of 2020, Plaintiff worked approximately 40-50 hours per week.

26. From about February of 2017 through December of 2017, Defendants paid Plaintiff around $300 per week.

27. Beginning in December of 2017 through June of 2019, Defendants paid Plaintiff around $500 per week.

28. Beginning in June of 2019 through January of 2020, Defendants paid Plaintiff around $1,575.00 per week.

29. At all times material hereto, Pintya was involved in the day-to-day operation of Bueno Concept and Xtrategy, had some direct responsibility for the supervision of Plaintiff, had the power to hire and fire Plaintiff, controlled Plaintiff's work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records, or some combination thereof.

## COUNT I – FLSA VIOLATION (UNPAID OVERTIME WAGES)
### Against Bueno Concept and Pintya

30. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

31. At all times material hereto, Plaintiff was a covered employee under the FLSA.

32. Bueno Concept was at all times material hereto engaged in interstate commerce.

33. The FLSA applies to Bueno Concept's business activities and to Plaintiff's work for Bueno Concept in that both affected interstate commerce for the relevant time period.

34. Bueno Concept operated, individually or collectively, as an organization which sold

or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

35. Bueno Concept regularly employed two or more employees for the relevant time period.

36. Bueno Concept, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

37. The services performed by Plaintiff affected interstate commerce.

38. Thus, Bueno Concept was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

39. Plaintiff was a non-exempt employee of Bueno Concept who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

40. Bueno Concept had notice of, or had actual knowledge of, all of the hours worked by Plaintiff, including any hours in excess of forty (40) per week.

41. Bueno Concept failed to pay Plaintiff at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

42. Pintya is an "employer" under the FLSA and thus jointly and severally liable for unpaid overtime wages.

43. Bueno Concept's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, Bueno Concept acted in reckless disregard as to whether it was

violating the FLSA.

44. Plaintiff is entitled to liquidated damages.

45. Plaintiff suffered damages as a result of Bueno Concept's violations.

46. Plaintiff has retained the undersigned law firm to represent him in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment decreeing that Defendant Bueno Concept, LLC, willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate by the Court.

### COUNT II – FLSA VIOLATION (UNPAID MINIMUM WAGES)
**Against Bueno Concept and Pintya**

47. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

48. At all times material hereto, Plaintiff was a covered employee under the FLSA.

49. Bueno Concept was at all times material hereto engaged in interstate commerce.

50. The FLSA applies to Bueno Concept's business activities and to Plaintiff's work for Bueno Concept in that both affected interstate commerce for the relevant time period.

51. Bueno Concept operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

52. Bueno Concept regularly employed two or more employees for the relevant time

period.

53. Bueno Concept, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

54. The services performed by Plaintiff affected interstate commerce.

55. Thus, Bueno Concept was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

56. The FLSA obligated Bueno Concept to pay Plaintiff at or above the FLSA minimum wage.

57. Bueno Concept failed the pay Plaintiff the required minimum wage.

58. Pintya is an "employer" under the FLSA and thus jointly and severally liable for unpaid minimum wages.

59. Bueno Concept's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, Bueno Concept acted in reckless disregard as to whether it was violating the FLSA.

60. Plaintiff is entitled to liquidated damages.

61. Plaintiff suffered damages as a result of Bueno Concept's violations.

62. Plaintiff has retained the undersigned law firm to represent him in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment decreeing that Defendant Bueno Concept, LLC, willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any

additional relief deemed appropriate by the Court.

## COUNT III – QUANTUM MERUIT
### Against Bueno Concept

63. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

64. Defendants did not pay Plaintiff for the hours he worked for the first two months of 2017, November 2019, December 2019, and January of 2020.

65. Bueno Concept acquiesced in the provision of services by Plaintiff.

66. Bueno Concept was aware that Plaintiff expected to be compensated.

67. Bueno Concept failed to compensate Plaintiff and was unjustly enriched thereby.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment awarding damages, attorneys' fees and costs pursuant to Fla. Stat. § 448.08 interest, and any additional relief deemed appropriate by the Court.

## COUNT IV – VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND § 448.110 FLORIDA STATUTES (MINIMUM WAGE)
### Against Bueno Concept

68. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

69. Pursuant to Article X, Section 24 of the Florida Constitution and § 448.110 Florida Statutes, Bueno Concept was required to pay Plaintiff at least the applicable Florida minimum wage.

70. During Plaintiff's employment, Bueno Concept paid Plaintiff less than Florida's minimum wage.

71. Bueno Concept acted willfully.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment decreeing that Defendant Bueno Concept, LLC, willfully or intentionally

violated the Article X of the Florida Constitution by failing to pay minimum wage, and awarding back wages, liquidated damages, interest, attorneys' fees and costs pursuant to Fla. Stat. § 448.110, finding that Bueno Concept willfully violated Article X of the Florida Constitution, ordering Bueno Concept to pay a $1,000.00 fine to the State of Florida for each such willful violation, and any additional relief deemed appropriate by the Court.

### COUNT V – FLSA VIOLATION (UNPAID OVERTIME WAGES)
**Against Xtrategy and Pintya**

72. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

73. At all times material hereto, Plaintiff was a covered employee under the FLSA.

74. Xtrategy was at all times material hereto engaged in interstate commerce.

75. The FLSA applies to Xtrategy's business activities and to Plaintiff's work for Xtrategy in that both affected interstate commerce for the relevant time period.

76. Xtrategy operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

77. Xtrategy regularly employed two or more employees for the relevant time period.

78. Xtrategy, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

79. The services performed by Plaintiff affected interstate commerce.

80. Thus, Xtrategy was at all times material hereto an enterprise engaged in commerce

or in the production of goods or services for commerce.

81. Plaintiff was a non-exempt employee of Xtrategy who worked in excess of forty (40) hours during one or more workweeks within the three (3) years of the filing of this lawsuit.

82. Xtrategy had notice of, or had actual knowledge of, all of the hours worked by Plaintiff, including any hours in excess of forty (40) per week.

83. Xtrategy failed to pay Plaintiff at the appropriate overtime rate for hours worked in excess of forty (40) per week in violation of 29 U.S.C. §§ 201-219.

84. Pintya is an "employer" under the FLSA and thus jointly and severally liable for unpaid overtime wages.

85. Xtrategy's violations of the FLSA were willful in that it knew that it was violating the FLSA. Alternatively, Bueno Concept acted in reckless disregard as to whether it was violating the FLSA.

86. Plaintiff is entitled to liquidated damages.

87. Plaintiff suffered damages as a result of Xtrategy's violations.

88. Plaintiff has retained the undersigned law firm to represent him in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment decreeing that Defendant Xtrategy Nutrition USA, LLC, willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid overtime, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate by the Court.

### COUNT VI – FLSA VIOLATION (UNPAID MINIMUM WAGES)
**Against Xtrategy and Pintya**

89. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

90. At all times material hereto, Plaintiff was a covered employee under the FLSA.

91. Xtrategy was at all times material hereto engaged in interstate commerce.

92. The FLSA applies to Xtrategy's business activities and to Plaintiff's work for Bueno Concept in that both affected interstate commerce for the relevant time period.

93. Xtrategy operated, individually or collectively, as an organization which sold or marketed its services or goods to customers throughout the United States via the internet, solicited funds from sources outside Florida, accepted funds from sources outside of Florida, used telephonic transmissions and sent mail and e-mail over state lines to do business, or transmitted funds outside of Florida, or some combination thereof.

94. Xtrategy regularly employed two or more employees for the relevant time period.

95. Xtrategy, upon information and belief, had, individually or collectively, gross revenues which exceeded $500,000.00 for each of the past three (3) years and has otherwise engaged in interstate commerce.

96. The services performed by Plaintiff affected interstate commerce.

97. Thus, Xtrategy was at all times material hereto an enterprise engaged in commerce or in the production of goods or services for commerce.

98. The FLSA obligated Xtrategy to pay Plaintiff at or above the FLSA minimum wage.

99. Xtrategy failed the pay Plaintiff the required minimum wage.

100. Pintya is an "employer" under the FLSA and thus jointly and severally liable for unpaid minimum wages.

101. Xtrategy's violations of the FLSA were willful in that it knew that it was violating

the FLSA. Alternatively, Xtrategy acted in reckless disregard as to whether it was violating the FLSA.

102. Plaintiff is entitled to liquidated damages.

103. Plaintiff suffered damages as a result of Xtrategy's violations.

104. Plaintiff has retained the undersigned law firm to represent him in this action and are obligated to pay a reasonable fee and costs.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment decreeing that Defendant Xtrategy Nutrition USA, LLC, willfully or intentionally violated the FLSA, enjoining its violations of the FLSA, and awarding actual damages for unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216, and any additional relief deemed appropriate by the Court.

### COUNT VII – QUANTUM MERUIT
**Against Xtrategy**

105. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

106. Xtrategy did not pay Plaintiff for the hours he worked for the first two months of 2017, November 2019, December 2019, and January of 2020.

107. Xtrategy acquiesced in the provision of services by Plaintiff.

108. Xtrategy was aware that Plaintiff expected to be compensated.

109. Xtrategy failed to compensate Plaintiff and was unjustly enriched thereby.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment awarding damages, attorneys' fees and costs pursuant to Fla. Stat. § 448.08, interest, and any additional relief deemed appropriate by the Court.

### COUNT VIII – VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND § 448.110  FLORIDA STATUTES (MINIMUM WAGE)

**Against Xtrategy**

110. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

111. Pursuant to Article X, Section 24 of the Florida Constitution and § 448.110 Florida Statutes, Xtrategy was required to pay Plaintiff at least the applicable Florida minimum wage.

112. During Plaintiff's employment, Xtrategy paid Plaintiff less than Florida's minimum wage.

113. Xtrategy acted willfully.

**WHEREFORE** Plaintiff Daniel Da Silva Bueno Elias respectfully requests that the Court enter a judgment decreeing that Defendant Xtrategy Nutrition USA, LLC, willfully or intentionally violated the Article X of the Florida Constitution by failing to pay minimum wage, and awarding back wages, liquidated damages, interest, attorneys' fees and costs pursuant to § Fla. Stat. 448.110, finding that Xtrategy willfully violated Article X of the Florida Constitution, ordering Bueno Concept to pay a $1,000.00 fine to the State of Florida for each such willful violation, and any additional relief deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff Daniel Da Silva Bueno Elias hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
    Alejandro F. Garcia, Esq.
    Florida Bar No. 98505
    agarcia@rgmlawfirm.com
    service@rgmlawfirm.com
    RAMHOFER GARCIA & MOORE, PLLC
    11900 Biscayne Blvd.
    Suite 742
    North Miami, FL 33181
    Telephone: (305) 481-9733
    Facsimile: (954) 697-0341

*Attorneys for Plaintiff*